United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims Series 44, LLC, Plaintiff, <br><br> v. <br><br> State Farm Mutual Automobile Insurance Company, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 22-24164-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

## Order Granting Motion to Dismiss Count Three

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's motion to dismiss count three of Plaintiff MSP Recovery Claims Series 44, LLC's ("Series 44") amended complaint. (Def.'s Mot., ECF No. 16.) Series 44 has responded (Pl.'s Resp., ECF No. 17), to which State Farm has timely replied (Def.'s Reply, ECF No.18). The Court has reviewed the briefing, the record, and the relevant legal authorities, and is otherwise fully advised of the premises. For the reasons stated below, the Court **grants** State Farm's motion to dismiss. (**ECF No. 16**.)

1. **Background**

In this action, Series 44 seeks Medicare reimbursement payments under Title XVIII of the Social Security Act, 42 U.S.C. § 1395. Series 44's complaint against State Farm is one of numerous similar actions it and other related entities have filed in district courts throughout the United States. These cases tend to involve similar sets of allegations that Series 44, or one of its affiliates, obtained an assignment from a Medicare Advantage Organization ("MAO") to try to recover money linked to payments made or costs incurred by such MAO for the medical treatment of their enrollees who were injured in accidents. (*See* Am. Compl., ECF No. 14.)

The Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. §§ 1395y, *et seq.*, were enacted to combat the rising costs of Medicare. The MSP reformed the Medicare system such that Medicare and MAOs became secondary payers who would not bear the costs of medical procedures that were already covered by primary payers, *i.e.*, other private insurance companies. Under the MSP, Medicare and MAOs could still make "conditional payments" to cover the medical bills of their beneficiaries where a primary payer, such as State Farm, could not be expected to remit prompt payment. Where Medicare or an MAO "has made a conditional payment, the primary

payer's 'responsibility for such payment' has been 'demonstrated,' as by a judgment or settlement agreement" and the primary payer is responsible to reimburse Medicare or the MAO within 60 days." *See MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305, 1309 (11th Cir. 2020) (quoting 42 U.S.C. §§ 1395y(b)(2)(B)(ii), 1395w-22(a)(4)). When a primary payer fails to remit such payment, Medicare can seek double damages from the primary payer under the MSP's right of action for the government. *Id.* Assignees of MAOs, likewise, can seek double damages under the MSP's private right of action. *Id.*

Here, Series 44 brings three claims: one claim under the MSP Act's private cause of action, one claim for breach of contract, and one claim for declaratory judgment. (Am. Comp. ¶¶ 36–53.) To support those claims, Series 44 alleges that State Farm, as a primary payer, has failed to reimburse the MAO at issue here for medical expenses incurred by a patient, identified as "P.G." resulting from an April 8, 2020, car accident. (*Id.* ¶¶ 11, 13, 17, 20–21.) Series 44 pleads that the medical expenses at issue were "valued at $19,855.50" and attaches an exhibit supporting that claim. (Ex. A, ECF No. 14-1.) Series 44 also alleges that it "has the legal right to pursue this MSP Act claim pursuant to valid assignment agreements." (*Id.* ¶ 30.)

State Farm moves to dismiss Series 44's claim for declaratory judgment (count three), arguing, among other things, that it is duplicative of Series 44's claim under the MSP Act's private cause of action (count one). (Def.'s Mot. at 3–4.) Series 44, in response, insists that count three is not duplicative of Count One. (Pl.'s Resp. at 2–4.)

## 2. Legal Standard

Federal Rule of Civil Procedure 12(f)[1] provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court has "broad discretion" when it considers a motion to strike under Rule 12(f). *See, e.g.*, *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005) (Ryskamp, J.). Rule 12(f) motions to strike are not favored, however, and are "regularly 'denied unless the challenged allegations have no possible

---

[1] State Farm does not specify the federal rule on which it moves to dismiss, so the Court interprets its motion as being made pursuant to Rule 12(f). Because Rule 12(b)(6) tests the sufficiency or validity of a claim, various courts have found that Rule 12(f) is the more appropriate rule to move to dispose a claim on grounds of redundancy. *See Nat'l Ins. Consulting Grp., LLC v. Kandel*, No. 1:19-cv-22373-KMM, 2020 U.S. Dist. LEXIS 263945, at *4 (S.D. Fla. Jan. 15, 2020) (Moore, J.) (compiling cases); *Casey v. City of Miami Beach*, No. 04-22093-CIV-JORDAN, 2005 U.S. Dist. LEXIS 54142, at *2 n.2 (Jordan, J.) (S.D. Fla. Feb. 11, 2005).

relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004)).

### 3. Analysis

In count three of its complaint, Series 44 "seeks a Declaratory Judgment from this Court establishing that, under federal law, Defendant has a historical, present, and continuing duty to reimburse Plaintiff's assignor[, Health First Health Plans, Inc. ("HFHP"),] for payments made on behalf of P.G.'s accident-related medical expenses." (Am. Compl. ¶ 54.) State Farm argues that this count should be dismissed as duplicative of count one, where Series 44 alleges a private cause of action under 42 U.S.C. § 1395y(b)(3)(A) for reimbursement of the amounts advanced by HFHP as conditional payments. (*Id.* ¶ 41.) The two counts, State Farm argues, are based on the same underlying allegations, will be determined by the same legal standard, and necessarily involve the same legal issues. The Court agrees.

The federal Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Courts have discretion in deciding whether to allow a declaratory action to proceed. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 284, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). Thus, while the Declaratory Judgment Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citation omitted). The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment." *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (cleaned up).

"Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Manning v. Carnival Corp.*, 2012 WL 3962997 at *2 (S.D. Fla. Sept. 11, 2012) (cleaned up); *see also Giambra v. Wendy's Int'l, Inc.*, No. 8:08-CV-2016-T-27EAJ, 2009 WL 1686677, at *2 (M.D. Fla. June 16, 2009) (dismissing negligent supervision claim as duplicative of respondeat superior claim because the two claims were "based on the same facts"). "To promote judicial economy, a court should dismiss claims that are duplicative of other claims." *Manning*, 2012 WL 3962997 at *2 (cleaned up).

Here, Series 44's declaratory judgment claim is based on the same underlying facts as its private cause of action pursuant to § 1395y(b)(3)(A)—namely, on HFHP's having made a payment for P.G.'s accident-related medical expenses for which State Farm failed to reimburse it despite being the primary payer. Because the two counts ultimately seek a determination that State Farm is obligated to reimburse Series 44, as assignee, under the MSP Act, they necessarily raise the same issues and will need to be determined by following the same standards. For the same reasons, they also implicate identical relief: again, a determination of State Farm's duty of reimbursement for P.G.'s accident-related medical expenses.

Series 44 does not meaningfully rebut State Farm's argument that count three is duplicative of count one. While Series 44 argues that it has properly alleged a claim for declaratory relief, the issue is not whether that claim has been properly pleaded, but rather whether it should be dismissed as duplicative. Series 44 also argues that the two counts serve distinct purposes because count one seeks money damages while count three seeks to adjudicate the scope and effect of State Farm's reimbursement obligations. But this argument is not compelling because the practical effect of Series 44's succeeding under either count will be the same. Moreover, Series 44 neither alleges nor argues that State Farm's failure to reimburse HFHP for P.G.'s accident-related medical expenses will continue beyond the conduct that gave rise to the instant suit.

The Court also notes that various other courts addressing nearly identical claims have reached the same result. *See, e.g.*, *MSP Recovery Claims Series 44, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-24131, 2023 U.S. Dist. LEXIS 86991, at *6 (S.D. Fla. May 16, 2023) (Bloom, J.) ("[C]ourts in this district have dismissed equitable claims that rely on the same factual predicates as legal causes of action."); *MSPA Claims 1, LLC v. Liberty Mut. Ins.*, No. 1:15-cv-21417-UU, 2015 U.S. Dist. LEXIS 99188, at *6 (S.D. Fla. July 22, 2015) (Ungaro, J.). For the reasons explained above, the Court agrees with their conclusions on this issue.

Finally, the Court denies Series 44's request for leave to file an amended complaint as to count three. (Pl.'s Resp. at 5.) The request is procedurally defective and substantively lacking. First, the request is untimely and Series 44 fails to supply good cause that would warrant an extension of the deadline to amend the pleadings. And second, the request is improperly presented, inserted as an afterthought, at the end of Series 44's response to State Farm's motion, devoid of relevant legal support. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum,

the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up).

### 4. Conclusion

Accordingly, the Court **grants** State Farm's motion to dismiss count three of Series 44's amended complaint (**ECF No. 16**). The Court orders State Farm to answer the complaint on or before **July 31, 2023**.

**Done and ordered**, in Miami, Florida, on July 20, 2023.

_____
Robert N. Scola, Jr.
United States District Judge